NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMMITT WALLS, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | Civil Action No. 04-4261 (DMC) |
| | : | Criminal No. 93-559 (MTB) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court on a petition for writ of habeas corpus relief by Petitioner, Emmitt Walls, pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Sherry Hutchins Henderson, Assistant United States Attorney, on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

### I. BACKGROUND

On May 27, 1994, Petitioner, Emmitt Walls ("Petitioner"), pled guilty to conspiracy to possess with intent to distribute four kilograms of cocaine in violation of 21 U.S.C. § 846, before then United States District Judge Maryanne Trump Barry.[1] See Petition Form Prob 12C at 1. In

---

[1] Judge Barry is currently a United States Court of Appeals Judge for the Third Circuit.

connection with that plea, Judge Barry sentenced Petitioner to a term of eighty-seven months imprisonment, to be followed by a five-year period of supervised release, and a fine of $5,000. Id. at 1. Petitioner completed his custodial sentence on November 3, 2000, at which time he began his term of supervised release. See United States Response ("hereinafter U.S. Resp.") at 1. On May 30, 2003, the United States Probation Department submitted a petition to this Court charging Petitioner with violating eight conditions of his supervised release. See U.S. Resp. at 1. At a hearing held by this Court on November 5, 2003, Petitioner pled guilty to committing another crime while on supervised release. Id. All other violations of the supervised release were dismissed. Id. Pursuant to 18 U.S.C. § 3583(h)[2], this Court sentenced Petitioner to a term of ten months imprisonment, to be served consecutive with any other sentence, to be followed by three-year term of supervised release. See U.S. Resp. at 2. On December 12, 2004, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or otherwise correct his sentence, on grounds that an *ex post facto* violation exists. See U.S. Resp at 2. The United States submitted opposition on February 4, 2005.

## II. DISCUSSION

### A.   Standard of Review

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, the purpose of which is to test the legality of his sentence rather than end his detention. Cain v. Markley, 347 F.2d 408 (7th Cir. 1965). Section 2255 provides relief to federal prisoners if (1) the sentence imposed violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence

---

[2]Section 3583(h) provides, in pertinent part, "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."

2

imposed exceeded the maximum sentence authorized by law, or (4) the sentence is subject to collateral attack. 28 U.S.C. § 2255.  A petition for habeas relief under Section 2255 will be granted "only if the sentence results in a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" U.S. v. Cannistraro, 734 F.Supp. 1110, 1119 (D.N.J. 1990) (quoting Hill v. United States, 82 S.Ct. 468, 471 (1962)).

**B.      No Ex Post Facto Clause Violation Exists**

Petitioner contends that the three year term of supervised release, imposed upon him by this Court, violates constitutional prohibitions on *ex post facto* laws.  The *Ex Post Facto* Clause exists to prevent application of a law "that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed..." Calder v. Bull, 3 Dall. 386 (1798).  In order to prevail on an *ex post facto* claim, a petitioner must show the law being challenged operates retroactively and "raises the penalty from whatever the law provided when he acted." California Dep't. Of Corrections v. Morales, 514 U.S. 499, 506-7, n.3 (1995).

Petitioner argues that the sentence imposed by this Court under 18 U.S.C. § 3583(h) was harsher than that which would have been available during the time of his original sentencing.  See Petitioner's Brief in Support of Motion to Correct Sentence ("Petitioner's Brief") at 2.  Instead, Petitioner contends that he should have been sentenced under 18 U.S.C. § 3583(e)(3), the law in existence at the time of sentencing for his original offense.  Petitioner's Brief at 2.  Petitioner claims 18 U.S.C. § 3583(e)(3) did not provide for an additional term of supervised release after an initial term of supervised release was revoked, and therefore an *ex post facto* violation arises.  Petitioner's Brief at 2.

3

Contrary to Petitioner's contentions, no *ex post facto* issue arises in this case. In <u>Johnson v. United States,</u> 529 U.S. 694 (2000), a case with facts similar to the one at bar, the Supreme Court dismissed Petitioner's argument. Writing for the majority, Justice Souter affirmed that "§ 3583(e)(3) leaves open the possibility of supervised release after re-incarceration" and that "district courts have the authority to order terms of supervised release following re-imprisonment." <u>Id.</u> at 699 (majority opinion). Specifically, under 18 U.S.C. § 3583(e)(3), this Court would have had the authority to sentence Petitioner to further incarceration, followed by supervised release, after revoking an earlier supervised release because the conditions were violated. <u>Id.</u> at 713 (Kennedy, J., concurring). This authority directly refutes Petitioner's claim that this Court's sentence of three years supervised release exceeded its sentencing authority, or raised the penalty from that which was available at the time of his original offense under Section 3583(e)(3).

As such, the sentence Petitioner received on November 5, 2003, does not violate the *Ex Post Facto* Clause. The sentence Petitioner received under 18 U.S.C. § 3583(h) was of equal severity as that which this Court could have imposed under 18 U.S.C. § 3583(e)(3). Consequently, Petitioner has failed to allege sufficient grounds upon which relief may be granted.

<u>CONCLUSION</u>

Based on the foregoing, Petitioner's request for <u>habeas</u> <u>corpus</u> relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Consequently, the matter is hereby **dismissed**.

DENNIS M. CAVANAUGH, U.S.D.J.

Dated:          September 20, 2005
Original:       Clerk's Office
cc:             The Honorable Mark Falk, U.S.M.J.
                Litigants
                File

4